IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL JAMES SHUKRY,

    Petitioner,

vs.

ANTHONY HEDGPETH, Warden,[1]

    Respondent.

No. 2:09-cv-0669 GEB JFM (HC)

ORDER AND

FINDINGS AND RECOMMENDATIONS

/

    Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondent's motion to dismiss this action as barred by the one year statute of limitations. See 28 U.S.C. § 2244(d).

    Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Respondent's request to substitute Anthony Hedgpeth, current Warden of Salinas Valley State Prison, as respondent herein is granted.

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

      For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

      1. Petitioner was convicted of second degree murder and assault resulting in the death of a child under eight years old on December 16, 2003. On February 20, 2004, petitioner was sentenced to an indeterminate state prison term of twenty-five years to life.

      2. On September 19, 2006, the California Court of Appeal, Third Appellate District, affirmed the conviction. The California Supreme Court denied review on January 3, 2007.

      3. On December 21, 2008, petitioner filed a petition for review in the California Supreme Court. That petition was denied by order filed February 18, 2009.

      4. On March 2, 2008, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court.[2] That petition was denied by order filed April 24, 2008.

---

[2] March 2, 2008 is the date petitioner signed the declaration of service by mail, which constitutes the date petitioner, proceeding pro se, delivered the state superior court habeas petition to prison officials for mailing. See Respondent's Lodged Document No. 5. Under the mailbox rule, that date is considered the filing date of the petition. See Stillman v. Lamarque,

5. On November 20, 2008, petitioner signed a petition for writ of habeas corpus filed in the California Court of Appeal for the Third Appellate District. That petition was denied by order filed December 11, 2008.

6. On December 21, 2008, petitioner signed a petition for writ of habeas corpus in the California Supreme Court. That petition was denied by order filed February 18, 2009.

7. On February 23, 2009, petitioner signed the instant federal habeas corpus petition.

The California Supreme Court denied review on January 3, 2007. Ninety days thereafter, or April 2, 2007, petitioner's conviction became final, when the time for filing a petition for writ of certiorari expired. Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The federal limitation period started to run the next day, April 3, 2007. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The last day petitioner had to file a federal petition was on April 2, 2008, unless petitioner is entitled to statutory tolling.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[3] Id., 183 F.3d 1003, 1006 (9th Cir.1999), cert. denied, 529 U.S. 1104, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999). The Court reasoned that tolling the limitations period during the time a petitioner is

---

319 F.3d 1199, 1201 (9th Cir. 2003).

[3] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino, 183 F.3d at 1006, n.2 (9th Cir.1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court. See id.

preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court. Id. at 1005. As a general rule, the limitation period is tolled "while a California petitioner 'complete[s] a full round of [state] collateral review.'" Delhomme v. Ramirez, 340 F.3d 817, 819 (9th Cir. 2003) (quoting Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)). The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court. Duncan v. Walker, 533 U.S. 167, 121 S.Ct. 2120 (2001).

By the time petitioner filed his first state petition on March 2, 2008, 334 days had run on the one year statute of limitations period that began April 3, 2007. At that point, thirty-one days remained in the limitation period.

Respondents agree that petitioner is entitled to statutory tolling during the pendency of his state superior court petition. Respondents contend, however, that petitioner is not entitled to statutory tolling between April 24, 2008, when the state superior court denied his petition for writ of habeas corpus, and the filing of the state appellate court petition.[4] Specifically, relying on Carey v. Saffold, 536 U.S. 214 (2002) and Evans v. Chavis, 546 U.S. 189 (2006) and several district court decisions interpreting Evans, respondent contends that the delay between the denial of the superior court petition and the filing of the state court of appeal petition is "unreasonable."

/////

---

[4] The court calculates the period of the delay differently from respondent. Respondent maintains that the filing date of petitioner's second petition must be December 5, 2008 because it could not take prison officials 15 days to process the petition dated November 20, 2008. However, at least one Court of Appeal has held that in the absence of contrary evidence, it would assume the document was delivered for mailing on the date it was signed. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001); but see Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005)(inmate can establish date he delivered pleading to authorities by showing when it was logged into the prison mail system or by submitting a declaration or notarized statement setting forth the date of delivery to officials). Thus, this court calculates the period of delay from April 24, 2008 to November 20, 2008, or 210 days.

Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). However, § 2244(d)(2) provides an exception to such requirement for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Chavis, 546 U.S. at 191, 126 S.Ct. 846 (citing Saffold, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260) (emphasis omitted). Thus, the interval between the final adjudication of a state habeas petition and the timely filing of a notice of appeal is tolled in calculating whether a federal habeas petition is timely. See Saffold, 536 U.S. at 219-21, 122 S.Ct. 2134.

"In most States a statute sets out the number of days for filing a timely notice of appeal," but California "has a special system governing appeals when prisoners seek relief on collateral review," under which a petitioner may file either a "petition for rehearing" or a separate state habeas petition, the latter of which must be filed within a "reasonable time." Id. (citing In re Harris, 5 Cal.4th 813, 828, n. 7, 21 Cal.Rptr.2d 373, 855 P.2d 391 (1993)); see In re Crockett, 159 Cal.App.4th 751, 757, 71 Cal.Rptr.3d 632 (Cal.Ct.App.2008) ("A petitioner seeking relief on habeas corpus need only file a petition without substantial delay, or if delayed, adequately explain the delay.").

Chaffer v. Prosper, 542 F.3d 662, 665-666 (9th Cir. 2008).[5] In Chavis, the United States Supreme Court noted that

> [s]ix months is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Saffold, supra, at 219, 122 S.Ct. 2134. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court, see Cal.App.Ct. Rule 28(e)(1) (2004). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month

---

[5] In Chaffer, the United States Court of Appeals certified to the California Supreme Court two questions concerning a habeas petitioner's delay in proceeding between levels of the state court system. Id. at 663.

5

filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in Saffold. See 536 U.S., at 222-223, 122 S.Ct. 2134.

Chavis, 549 U.S. at 201.

Unlike Chavis, however, petitioner's delay is not unexplained or unjustified. The Ninth Circuit has recognized that equitable tolling may be justified when, through no fault of his own, a habeas petitioner was separated from his legal files and transcripts. Thus, in Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002), the court recognized that if petitioner was able to bear his burden of showing he was deprived of his legal material for a period of eighty-two days when he was away from the prison, he might be entitled to equitable tolling. Id.

Here, petitioner has provided an affidavit, signed under penalty of perjury, that he was separated from his legal materials on three separate occasions: (1) upon transfer to administrative segregation (ad seg) at Pleasant Valley State Prison he was without his legal materials from March 25, 2008 through mid-April; (2) On May 7, 2008, he was transferred to the Sacramento County Jail, and his legal materials were lost or misplaced; upon return to Pleasant Valley ad seg on May 21, 2008, he still did not have his legal materials, and it took him 90 days to replace the legal materials he lost; (3) On August 19, 2008, he was transferred to Salinas Valley State Prison where he was housed in ad seg for one month without access to his legal materials.

The key period equitable tolling must apply to provide petitioner relief is April 24, 2008 to November 20, 2008. Thus, petitioner's first period of separation from his legal materials offers no relief as it was prior to the period in question. However, petitioner would be entitled to equitable tolling for the 104 days he was separated from his property from May 7, 2008, until he was able to replace it, and for the 30 days he was separated from his property in August of 2008. Thus, petitioner is entitled to 134 days of equitable tolling during the seven month period at issue. Because petitioner is entitled to 134 days of tolling during the 210 day period, the delay is

reduced to a period of 66 days, which is not unreasonable under <u>Chavis</u>. Thus, petitioner is entitled to continuous tolling under <u>Nino</u>.

There were no other unreasonable delays between state court filings, so the court must now determine whether petitioner timely filed the federal petition. As noted above, petitioner had 31 days remaining in the limitation period when he filed his first state petition on March 2, 2008. The California Supreme Court denied his petition on February 18, 2009, starting the clock again. On February 23, 2009, petitioner filed the instant petition. At that time, there were 28 days remaining in the limitation period. Thus, the instant petition is not barred by the statute of limitations and respondent's motion to dismiss will be denied. Respondent will be directed to file an answer, and petitioner will be given an opportunity to file a traverse.

On October 21, 2009, petitioner filed a motion to file supplemental exhibits. Petitioner asks leave of court to file a transcript in support of his habeas petition. However, petitioner may include the transcript with his traverse once respondent has filed an answer. Accordingly, petitioner's motion to separately file exhibits will be denied. Petitioner should attach the exhibits to his traverse.

Accordingly, IT IS HEREBY ORDERED that petitioner's October 21, 2009 motion is denied. Petitioner should attach the documents referenced in his October 21, 2009 motion to his traverse.

IT IS HEREBY RECOMMENDED that:

1. Respondent's May 11, 2009 motion to dismiss (#10) be denied;

2. Respondent be directed to answer the petition within thirty days from the date of any order adopting these findings and recommendations and shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application that are not already part of the record; and

/////

/////

3.  Petitioner's traverse, if any, be due on or before thirty days from the date respondent's answer is filed.

DATED:  October 30, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001; shuk0669.mtd